IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUSAN MARIE SEMRAU,                    §
                                       §
                 Plaintiff,            §
                                       §
V.                                     §        No. 3:14-cv-3743-P-BN
                                       §
CAROLYN W. COLVIN,                     §
Acting Commissioner of Social Security, §
                                       §
                 Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Susan Semrau seeks judicial review of a final adverse decision of the
Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons
explained below, the hearing decision should be affirmed.

## Background

Plaintiff alleges that she is disabled due to a variety of ailments, including
migraines. After her applications for disability insurance and supplemental security
income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested
a hearing before an administrative law judge ("ALJ"). That hearing was held on July
12, 2013. *See* Administrative Record [Dkt. Nos. 12 & 13 ("Tr.")] at 14. At the time of the
hearing, Plaintiff was fifty-two years old. Tr. at 20. She attended college for two years
and has past work experience as a veterinary technician and receptionist. *See id.* at 77,
19. Plaintiff has not engaged in substantial gainful activity since December 23, 2010.
*See id.* at 16.

-1-

Although the medical evidence established that Plaintiff suffered from severe impairments in the form of cervical disc disease, disc protrusion C4-C7, narrowing foramina at C5-C6 level, rheumatism, and suspected fibromyalgia, the ALJ concluded that the severity of her migraines did not meet or equal any impairment listed in the social security regulations. *See id.* at 16-17. The ALJ further determined that Plaintiff had the residual functional capacity to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), but could not return to her past relevant employment. *See id.* at 17, 19. The ALJ also found that Plaintiff is able to lift her arms above shoulder level. *See id.* at 17. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as an information clerk, laboratory sample carrier, merchandise marker, and dog bather -- jobs that exist in significant numbers in the national economy. *See id.* at 20-21. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 21.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on the grounds that the ALJ did not have substantial evidence to support her step two non-severity and residual functional capacity ("RFC") determinations. *See* Dkt. No. 21 at 6-9. Plaintiff also complains that the ALJ failed to explain why she did not adopt all portions of the medical expert's opinion. *See id.* at 9-10.

The undersigned concludes that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

-4-

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant

can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result."

*Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

### Substantial Evidence Supports the ALJ's Non-Severity Determination

Plaintiff first contends that there was not substantial evidence to support the ALJ's step two non-severity finding. The United States Court of Appeals for the Fifth Circuit has held that an impairment is not severe "only if ... it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). In other words, the *Stone* standard does not allow for any interference with the claimant's ability to work. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009). Citing *Stone*, the ALJ found that Plaintiff's headaches created no more than mild limitations and were not severe. *See* Tr. at 17.

Plaintiff argues that the ALJ "offered no support in medical evidence for her finding that Plaintiff's migraines are non-sever[e]." Dkt. No. 21 at 6. But substantial evidence does support the ALJ's findings.

Plaintiff testified that her migraine headaches greatly interfered with her ability to work. *See* Tr. at 68-69 ("The most hardest think [sic] would be the migraines because ... I can't do anything, period"); *see also id.* at 18. But she also admitted that she usually just takes Excedrin, an over-the-counter medication, to treat her migraine headaches. *See id.* at 69-70. Further, the medical record showed that no doctor prescribed Plaintiff medicine to address her migraine headaches. *See id.* at 70; *see also*

*id.* at 40 (medical expert testified that prescribed medicine was "not specific for migraine as a pain medicine."). The sole use of over-the-counter medication can support a non-severity determination. *See Escalante v. Colvin*, 3:14-CV-0641-G-BH, 2015 WL 1443000, at *13 (N.D. Tex. Mar. 31, 2015) ("Courts have considered the use [of] over-the-counter pain medication to support an adverse credibility finding concerning allegations of pain."). Finally, the medical expert testimony and medical evidence revealed that Plaintiff's neurological examinations were normal. *See* Tr. at 34, 246.

Beyond Plaintiff's own subjective testimony, nothing else in the record shows that her migraine headaches interfered with her ability to work. In fact, other portions of Plaintiff's testimony, the medical expert's testimony, and the medical record provide substantial evidence to support the ALJ's non-severity finding under the *Stone* standard.

Plaintiff has failed to cite objectively reliable evidence in the record to establish that her alleged impairment resulted in functional limitations. The fact that she was diagnosed with or suffered from migraine headaches – or that they are mentioned in her medical records – does not compel the determination that they represent severe and limiting impairments. The records are entirely consistent with a finding of nonseverity.

The undersigned concludes that substantial evidence supports the ALJ's non-severity determination.

The ALJ's RFC Determination is Supported by Substantial Evidence

Plaintiff also argues that the ALJ erred because she did not make a specific finding on Plaintiff's ability to handle and finger or include a handling and fingering limitation in her RFC. *See* Dkt. No. 21 at 7-9.

A person's RFC is her ability to perform physical work activities on a regular and continuing basis notwithstanding limitations from her impairments. *See* 20 C.F.R. § 404.1545. The ALJ is responsible for determining a claimant's RFC before considering step four of the sequential evaluation process if the claimant is at the ALJ hearing level. *See* 20 C.F.R. §§§ 404.1546(c), 404.1520(e), 416.920(e). The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered. *See* SSR 96–8p, 1996 WL 374184, at *3-*5.

In making her RFC finding, the ALJ considered all symptoms and the extent to which these symptoms were consistent with the objective medical evidence and other evidence. *See* Tr. at 17. The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In this case, the ALJ determined that Plaintiff could perform light work without any limitation on handling and fingering. *See* Tr. at 17-19. Plaintiff suggests that those limitations were necessary in light of her subjective complaints of hand numbness and arm pain. *See id*. at 251, 264.

But the State agency medical physician's findings did not include any limitations for handling and fingering. *See id*. at 284. State agency medical physicians are

considered experts in the Social Security disability program. *See Rawls v. Astrue*, No. 4:10-cv-71-BJ, 2011 WL 725279, at *11 (N.D. Tex. Mar. 2, 2011). Although an ALJ is solely responsible for assessing a claimant's RFC, she must consider and evaluate any opinion by a state agency medical consultant ("SAMC") regarding the claimant's RFC. *See* SSR 96-6p, 1996 WL 374180 (S.S.A. July 2, 1996).

The ALJ relied on the SAMCs' findings when determining Plaintiff's ability to handle and finger. *See* Tr. at 19. The SAMCs' findings constitute substantial evidence that supports the ALJ's RFC determination. Further, because the objective medical record did not support handling or fingering limitations, the ALJ was not required to include such a limitation in Plaintiff's RFC. *See Morris*, 864 F.2d at 336.

The undersigned concludes that this challenge to the ALJ's RFC determination is without merit.

## The ALJ Was Not Required to Fully Adopt One Medical Expert's Opinion

Finally, Plaintiff contends that the ALJ erred because she did not fully adopt the medical expert's opinion regarding her RFC. *See* Dkt. No. 21 at 9-10. The medical expert testified that he would include a limitation for overhead reaching in Plaintiff's RFC. *See* Tr. at 38-39. Although the ALJ adopted most of the medical expert's RFC evaluation, she did not include an overhead reaching limitation. Instead, the ALJ found that Plaintiff is "able to lift [her] arms above shoulder level." *Id*. at 17. Semau complains that the ALJ rejected the medical expert's opinion on her reaching limitation "without citing any specific support in the medical evidence." Dkt. No. 21 at 10.

But the ALJ explained that her RFC determination was based on the SAMCs' findings, which noted that no reaching limitations were established. *See* Tr. at 19, 284. Semau cites *Loza v. Apfel* to support her argument that an ALJ cannot reject a medical expert's opinion without explanation. *See* Dkt. No. 21 at 10 (*citing*, 219 F.3d 378 (5th Cir. 2000). But *Loza* involves the rejection of a treating physician's opinion, not a testifying expert's. The testifying expert in this case never examined or treated Semau. *See* Tr. at 34. And an ALJ has broad discretion to determine medical experts' credibility and to weigh their opinions. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Moore v. Sullivan*, 919 F.2d 90, 905 (5th Cir.1990).

Further, SAMCs' RFC assessments are considered medical opinions from nonexamining sources. *See* SSR 96–6p, 1996 WL 374180. Therefore, the ALJ is not required to expressly discuss each finding by a SAMC because such a detailed analysis applies only to the ALJ's rejection of a treating sources' uncontradicted opinion. *See Newton v. Apfel*, 209 F.3d 448, 456–58 (5th Cir. 2000). And neither is this a case in which the ALJ adopted a limitation that was not supported by <u>any</u> medical expert. *Compare Brown v. Colvin*, No. No. 3:14-cv-4237-BN, 2015 WL 6501547, at *8-*9 (N.D. Tex. Oct. 27, 2015).

Consequently, the ALJ's partial rejection of the expert's opinion in favor of the SAMCs' findings and lack of explanation thereof does not warrant remand.

## Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE